HAYCROFT v. LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

*Negligence — contributory negligence — caution required of girl seventeen years old.*

Plaintiff, a girl in her seventeenth year, while crossing, at a street crossing, defendants' tracks, five in number, had passed over two tracks and was standing near the third track awaiting the passage of an express train. She looked once up and down the track as she stopped. While she waited, an engine which approached without signal, ran into and injured her. *Held,* that the same degree of caution was not required of her as of an older person, and the question whether she was negligent was one for the jury.

MOTION for plaintiff for a new trial upon exceptions ordered to be heard in the first instance after a nonsuit at the circuit.

The action was brought in Chautauqua county by Mary L. Haycroft, to recover for injuries received by being run into by one of defendants' locomotives at a point where defendants' tracks crossed Elk street, in the village of Dunkirk. The necessary facts appear fully in the opinion.

*C. D. Murray*, for plaintiff.

*James M. Willett*, for defendant.

MULLIN, P. J. The nonsuit was granted in this case I doubt not on the evidence of the plaintiff herself, as she was the only person who could testify as to what she did or omitted to do on the occasion of her injury by defendants' engine.

The plaintiff, at the time of the injury, was in her seventeenth year, and was on her way from her mother's house to her school. She had to cross some five tracks on defendants' road and she had crossed, before being struck by the engine, three of those tracks. As she was crossing the third track an express passenger train came along and she stopped, and as she did so, she looked up and down the track and saw no engine or car in motion. The view west was unobstructed for about a quarter of a mile. She did not look up or down the track but once after she stopped and before being struck. She stood looking along the street she was in on her way to school. She remained standing some ten minutes, waiting for the express train to pass, and while so waiting, an engine came along from the west, without sounding the whistle or ringing the bell, at the rate of eight miles per hour, and struck her, knocked her down and cut off all the fingers on one of her hands, except the thumb and forefinger.

I cannot concur with the learned judge, by whom this cause was tried, that the question of concurring negligence was one of law for the court and not of fact for the jury.

The plaintiff, although of an age when she must be deemed competent to take care of herself, yet she was young and without the experience, especially in novel and dangerous situations, that older persons generally have. Her attention was naturally drawn to the train that had just arrived, and she had the right to expect the usual signals from an approaching engine. She did look, after the express train stopped, up and down the track to see if any thing was approaching that might do her injury. Seeing nothing — hearing nothing, she waited until all danger from the express train should pass away and was approached stealthily by an engine, struck and injured.

Now, if there is any allowance to be made in measuring the degree of care which this young girl was bound to use, for her youth, her inexperience, for the tendency of persons of her age to allow her attention to be given to objects of interest in her immediate view, and to overlook dangers from causes not immediately in view, then it was for the jury to say whether this young girl did not, under all the circumstances, use all the care and diligence to guard against danger that could be reasonably required from one of her age.

If no allowance is to be made for her youth and inexperience, the

question was one of law and properly disposed of by the learned judge.

But I cannot think the law is so unjust as to hold this child to the exercise of the same degree of care and caution that would be required of an older person, and if not, the question should have been submitted to the jury.

Because it was not so submitted I am of the opinion that the nonsuit was erroneous, and the judgment should be reversed and a new trial granted, costs to abide event.

*Judgment reversed and new trial ordered.*